```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 533 |
| | ) | (04 CR 531) |
| RANDY GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM ORDER</u>

Following the return of a 2004 indictment that charged him with multiple currency exchange robberies, Randy Griffin ("Griffin") was convicted in a jury trial before this Court's then colleague, Honorable David Coar, who has since left the bench.  As a result of Griffin's current (and second) 28 U.S.C. §2255[1] motion to vacate his conviction, the matter has been assigned at random to this Court's calendar.[2]

This Court has since conducted the preliminary review called for by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").  It finds that on Griffin's own allegations the motion must be denied on more than one ground.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Griffin has tendered only the handprinted original of that motion, without providing the required copies (1) for service on the United States Attorney's office and (2) to serve as this Court's chambers copy.  That deficiency need not be cured, however, because the motion must be denied out of hand for the reasons hereafter stated in the text.

In that respect Griffin's submission is somewhat difficult to follow. Here is what he says (copied verbatim) at page 3, toward the end of his discussion of both Section 2255 generally and the one-year limitation period prescribed by Section 2255(f)(1):

> Petitioner's Judgement of conviction became final after petitioner's C.O.A. was Denied on October 20, 2010 Therefore, petitioner's initial 28 U.S.C. 2255 is timely. At this point, petitioner's only realistic opportunity to obtain fair and substantial justice regarding his conviction, sentence, and appellant rights, is through this instant petition.

Although Griffin says nothing else about the earlier Section 2255 motion, this Court has obtained copies of the relevant docket printout in Case No. 08 C 6934 (his first Section 2255 motion), and of our Court of Appeals' October 19, 2010 unpublished order regarding Griffin's notice of appeal from Judge Coar's denial of that motion. Here is that order in Court of Appeals Case No. 10-2414:

> Randy Griffin has filed a notice of appeal from the denial of his motion under 28 U.S.C. §2255 and an application for a certificate of appealability. This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2).
>
> Accordingly, the request for a certificate of appealability is DENIED. Griffin's motion to proceed in forma pauperis is DENIED.

Because Griffin has thus struck out once before in his effort to obtain Section 2255 relief, the current motion cannot

2

go forward without a prior authorization by the Court of Appeals (see Section 2244(b)). That alone consigns the current motion to the deep six.

But even were that not the case, the current motion must be denied as untimely. As stated earlier, the latest action on Griffin's rejected Section 2255 motion took place back in 2010.[3] Even if Griffin were right in asserting that the denial of the COA had been "the date on which the judgment of conviction becomes final" (Section 2255(f)(1))(a position that really makes no sense, for the conviction itself had become final a good deal earlier in time), Griffin did not transmit the current motion until at least January 19, 2012.[4] So the motion is out of time in all events.

It is thus an understatement to say (to quote Section 2255 Rule 4(b)) that "it plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief." And that being so, that same Rule mandates that this Court dismiss the motion, and it so

---

[3] As the docket reflects, the mandate stemming from the Court of Appeals' October 19, 2010 denial of a certificate of appealability ("COA") issued on December 13, 2010.

[4] That is the date he lists as his having signed the document, so that its selection gives him the benefit of the doubt under the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)).

3

orders.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: February 1, 2012