```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  12 C 533
                               )    (04 CR 531)
RANDY GRIFFIN,                 )
                               )
          Defendant.           )

## MEMORANDUM OPINION AND ORDER

After this Court had ruled on February 28 on the issue of a certificate of appealability in connection with the current notice of appeal filed by Randy Griffin ("Griffin"), it was informed that Griffin had also filed a motion for leave to proceed with that appeal in forma pauperis ("IFP"). This Court then obtained from the Clerk's Office copies of Griffin's motion and its attached printout that reflected transactions in his trust fund account at Lewisburg USP (where he is in custody) for the period of 3 months and 7 days from October 18, 2011 through January 25, 2012. That printout enabled this Court to make the calculation called for by 28 U.S.C. §1915(b)(1)("Section 1915(b)(1)")--a calculation that showed the average monthly deposits to Griffin's account for that period came to $154.80.

That calculation calls into play two considerations that appear to look in opposite directions. First, because Seventh Circuit precedent requires a litigant seeking in forma pauperis status to establish not only his or her inability to pay but also

the assertion of a nonfrivolous claim, this Court's already-stated denial of a certificate of appealability would call for the rejection of Griffin's IFP request. But at the same time a literal reading of Section 1915(b)(1) would appear to trigger Griffin's obligation to pay the entire $455 in appellate filing fees (although on an installment basis) by reason of the mere filing of an appeal, in which event the initial payment toward the filing fees would have to be $30.96 (20% of $154.80), after which the remaining provisions of the statute would be applicable to require the payment of future installments.

This Court's law clerk's research looking for an insight into the resolution of that dilemma has revealed no Seventh Circuit precedent addressing the subject. About the closest approach by our Court of Appeals appears to be the nonprecedential decision in <u>Dallas v. Gamble</u>, No. 00-1580, 2 F.App'x 563, 2001 WL 238071 (7th Cir. Mar. 6), which points toward the outcome referred to at the end of the preceding paragraph. But because the factual scenario in <u>Dallas</u> is significantly different from the situation here, this Court will simply deny Griffin's IFP motion without attaching a financial obligation to pay the appellate filing fees, leaving it to the Court of Appeals to decide differently if it rules otherwise on

that score.

_____
                          Milton I. Shadur
                          Senior United States District Judge

Date:  March 1, 2012