```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  12 C 533
                                 )    (04 CR 531)
RANDY GRIFFIN,                   )
                                 )
            Defendant.           )
```

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

After this Court had issued its brief March 1 memorandum opinion and order ("Opinion") addressing the effort by pro se prisoner Randy Griffin ("Griffin") to proceed on appeal in forma pauperis, its attention was called to the per curiam opinion of our Court of Appeals in Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997). Hains dealt with a complaint by a prisoner that had been dismissed under 28 U.S.C. §1915A because of its failure to state a claim, and the court stated in part:

> The upshot is that district courts must apply the PLRA's fee assessment and collection mechanism when they dismiss under §1915A. As we said in Newlin, the filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility. It would be absurd if the very weakest complaints--those summarily thrown out under §1915A--were cost-free from the prisoner's perspective, while more substantial claims must be paid for. The district court must assess and collect in Hains' case, and we remand for that purpose.

That mandate has not been altered in the decade and a half that has elapsed since the Hains decision, and that calls for a rejection of the discretionary approach that this Court had

suggested in the Opinion. Accordingly an initial payment of $30.96 must be made by Griffin toward the $455 aggregate in filing fees, and the Lewisburg USP ("Lewisburg") trust fund officer is ordered to collect that amount from Griffin's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>     Office of the Clerk
>     United States District Court
>     219 South Dearborn Street
>     Chicago IL 60604
>
>     Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum opinion and order shall clearly identify Griffin's name and the 12 C 533 and 04 CR 531 case numbers assigned to this action. To implement these requirements, the Clerk shall send a copy of this supplement to the Opinion directly to the Lewisburg trust fund officer.

After such initial payment, the trust fund officer at Lewisburg (or at any other correctional facility where Griffin may hereafter be confined) is authorized to collect monthly payments from Griffin's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account

exceeds $10 until the full $455 in filing fees is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 6, 2012